**Commonwealth v. Luck**

C.P. of Lawrence County, No. 594 OF 2007, CR.

*Jonathan Miller, district attorney,* for Commonwealth.

*Gerald Iwanejko, Jr.,* for defendant.

PICCIONE, *J.,* February 13, 2013—Before the court for disposition is the amended petition for post conviction relief (hereinafter, "petition") filed on behalf of the defendant, Martin Luck (hereinafter, "defendant"). Defendant contends that he is eligible for relief because he received ineffective assistance of counsel which so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

Based on the foregoing assertion, defendant requests this court to release defendant from incarceration and/or modify the sentence issued on December 3, 2009. A brief background of this matter is summarized as follows:

On December 3, 2009, this court sentenced defendant to a term of four days to twelve months incarceration, followed by one year probation after defendant entered a guilty plea to endangering welfare of a child, pursuant to 18 Pa.C.S.A. § 4304, a misdemeanor of the first degree. The sentence provided cefendant with credit for four days previously served.

On April 5, 2012 this court resentenced the defendant following a second revocation hearing to a term of one year to three years incarceration. The April 5, 2012 sentence order provided the defendant with two hundred thirty-six days (236) credit for time served. Shortly thereafter, defendant initiated this petition asserting that his prior counsel was ineffective for failing to continue the April 5, 2012 hearing because the defendant had charges pending in Mercer County, Pennsylvania. The defendant further contends that his prior counsel was ineffective for failing to file a direct appeal of the April 5, 2012 sentencing order.

To be eligible for relief under the Commonwealth of Pennsylvania's Post-Conviction Relief Act (hereinafter, "PCRA"), the petitioner must satisfy four general requirements. First, the petitioner must have been convicted of a crime under Pennsylvania law and subsequently sentenced to either incarceration or probation. 42 Pa.C.S.A.

§ 9543(a)(1). Second, the conviction and sentence must have resulted from at least one of the errors and/or violations elucidated in §9543(a)(2) of the PCRA. Third, the allegation of error must have been previously litigated or waived by the petitioner. 42 Pa.C.S.A. § 9543(a)(3). Finally, the petitioner must demonstrate that the failure to litigate the claim could not have been "the result of any rational, strategic or tactical decision by counsel." 42 Pa.C.S.A. §9543(a)(4).

The PCRA permits a petitioner to seek post-conviction relief for a claim of ineffective assistance of counsel. 42 Pa.C.S.A. §9543(a)(2)(ii). Under Pennsylvania law, there is a basic presumption that counsel acted effectively. *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008). Thus, the burden rests on the petitioner to demonstrate ineffectiveness. *Id.* To do so, the petitioner "must plead and prove by a preponderance of evidence that his conviction resulted from ineffective assistance of counsel, which in the circumstances of the particular case, so undermined the truth-determining process that no reasonable adjudication of guilt or innocence could have taken place. *Commonwealth v. Granberry*, 644 A.2d 204, 207 (Pa. Super. 1994) (citing *Commonwealth v. Dukeman*, 565 A.2d 1204 (Pa. Super. 1989)).

Pennsylvania courts apply a three-prong test to determine whether the petitioner has established ineffectiveness of counsel. *Commonwealth v. Sneed*, 899 A.2d 1067,1076 (Pa. 2006). The petitioner must first deomonstrate that the issue underlying the claim has arguable merit. *Id.* Next, if the claim does have arguable

merit, it must then be determined whether counsel's acts or omissions had some reasonable basis designed to serve the interests of his client. *Id.* "Once it has been determined that the particular course of action chosen by counsel had some reasonable basis designed to effectuate his client's interests, counsel will be deemed constitutionally effective." *Commonwealth v. Miller*, 431 A.2d 233, 235 (Pa. 1981) (citing *Commonwealth ex rel. Washington v. Maroney*, 235 A.2d 349 (Pa. 1978)). If a reasonable basis for counsel's actions cannot be found, the petitioner must show that the ineffectiveness of counsel resulted in prejudice to him. *Sneed*, 899 A.2d at 1076. "Prejudice in the context of ineffective assistance of counsel means demonstrating that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different." *Commonwealth v. Pierce*, 786 A.2d 203, 213 (Pa. 2001)(citing *Commonwealth v. Kimball*, 724 A.2d 326,332 (Pa. 1999)). Failure to satisfy any of the three prongs will require rejection of the petitioner's claim. *Commonwealth v. Hammond*, 953 A.2d 544, 556 (Pa. Super. 2008).

The defendant first asserts that his counsel was ineffective for failing to request a continuance of the April 5, 2012 revocation hearing. Defendant's prior counsel testified to this court, however, that it is his practice to advise the defendant about a continuance, especially if other charges are pending. (N.T. November 1, 2012, pp. 29-20, 36-37). Additionally the court provided counsel with the opportunity to continue the sentencing phase of the November 1, 2012 hearing if the parties so desired. The defendant's prior counsel indicated that the

defendant had no objection in proceeding on that date. (N.T. Nov. 1, 2012, p. 39). The court finds defendant's prior counsel's testimony regarding the fact that he did advice the defendant of his option to continue the hearing to be credible. The court further finds that the defendant is unable to articulate any real prejudice in regards to this complaint, in that the same is based upon pure speculation of what the defendant's sentence may have been after a resolution of other pending charges. As such, the court does not find merit in the defendant's argument that his prior counsel was ineffective for failing to continue the April 5, 2012 revocation hearing.

Next, the defendant's alleges that his counsel was ineffective for failing to file a direct appeal from this court's sentencing order dated April 5, 2012. In reaching a determination regarding defendant's second claim, the court looks to the case of *Commonwealth v. Lantzy*, 736 A.2d 564 (Pa. 1999). In *Lantzy*, the Supreme Court of Pennsylvania found that when a defendant presents a PCRA claim of ineffective assistance of counsel for failing to file a requested direct appeal, the defendant merely needs to show that he requested such petition and counsel failed to file. 736 A.2d 564, 571. "In these situations, the Supreme Court has effectively held that the prejudice prong of the test for ineffective assistance has been established per se." *Commonwealth v. Bath*, 907 A.2d 619, 622 (Pa. Super. 2006).

Instantly, the defendant has established at minimum the fact that he made an inquiry to his prior counsel regarding an appeal. At the PCRA hearing, defendant stated that following this court's denial of a motion for

reconsideration of the April 5, 2012 sentencing order, he wrote to the Office of the Public Defender of Lawrence County. In his letter, the defendant inquired if the appeal could be reconsidered, which the court interprets to be a general inquiry into the possibility of an appeal. Furthermore, the Superior Court of Pennsylvania has held that there is "a duty on counsel to adequately consult with the defendant as to the advantages and disadvantages of an appeal where there is a reason to think that a defendant would want to appeal." *Beth*, 907 A.2d at 623. The failure to consult with the defendant could therefore prove to be ineffective even where the defendant did not request an appeal. *Id.* The Superior Court in *Bath*, supra, found that in circumstances such as in the instant case, the pertinent inquiry is not whether a defendant's prior counsel filed for a an appeal, but whether the defendant's prior counsel affirmatively consulted "with the [defendant] about the wisdom of filing such a petition where the [defendant] has not requested the filing of a petition." *Id.* If a defendant can establish that his prior counsel owed a duty to consult with him, he need merely show that any issue in the appeal rises above frivolity. *Id.* at 624. See also *Roe v. Flores-Ortega*, 528 U.S. 470 (2000); *Comm. v. Touw*, 781 A.2d 1250 (Pa.Super. 2001).

During the PCRA hearing, the defendant's prior counsel testified that he told the defendant he would file a motion in regards to this court's April 5, 2012 sentencing order. Defendant's prior counsel did file a motion for reconsideration on April 24, 2012, which was denied by this court. The defendant subsequently sent a letter to the public defender's office inquiring about an appeal. Before

the expiration of the thirty day time period for appeal, pursuant to Pa.R.App.P. 903(a), however, defendant initiated the instant PCRA action. Defendant's prior counsel testified that he did not personally speak with the defendant after the April 5, 2012 revocation hearing. From this fact, the court infers that defendant's prior counsel failed to specifically address the issue regarding an appeal. Although the court believes that defendant's prior counsel still had the opportunity to file a direct appeal at the time this PCRA petition was initiated[1], the court does find error in defendant's prior counsel's failure to remedy defendant's concerns by not consulting with him regarding such an appeal regardless of whether such an appeal has merit. The court concludes that as a result of defendant's prior counsel's failure to act, the defendant was prejudiced, and the court deems the defendant's prior counsel ineffective.

Accordingly, the defendant's amended petition for post conviction collateral relief is granted in part and denied in part.

## ORDER OF COURT

And now, this 15th day of February, 2013, the court sua sponte amends paragraph two (2) of the order of court issued in the above captioned case on February 13, 2013 to provide as follows:

2. The defendant's petition for post conviction collateral

---

1. When defendant initiated this PCRA action, he petitioned the court pro se. Upon receipt of defendant's petition, the court appointed Gerald J. Iwanejko, Esquire to represent the defendant.

relief is granted pursuant to the attached opinion regarding the defendant's request to file a direct appeal to the Superior Court of Pennsylvania nunc pro tunc.

All other provisions of this court's February 13, 2013 order of court, not inconsistent with this order of court shall remain in full force and effect. The clerk of courts shall properly serve notice of this order upon counsel of record; and if a party has no counsel, then upon said party at their last known address as contained in the court's file.

## ORDER OF COURT

And now, this 13th day of February, 2013, the court having held a hearing on November 1, 2012 regarding the defendant's amended petition for post conviction collateral relief, with Jonathan R. Miller, Esquire, appearing and representing the Commonwealth, and Gerald J. lwanejko, Esquire, appearing and representing the defendant, Martin Luck, and after consideration of the arguments presented and submitted by counsel, it is hereby ordered and decreed as follows:

1. Defendant's amended petition for post conviction collateral relief is denied pursuant to the attached opinion regarding the defendant's assertion that his prior counsel was ineffective for failing to request a continuance of the April 5, 2012 revocation hearing.

2. The defendant's petition for post conviction collateral relief is granted pursuant to the attached opinion regarding the defendant's request to file a direct appeal to

the Supreme Court of Pennsylvania nunc pro tunc.

3. The defendant has the right to appeal from the within order denying the amended petition for post conviction collateral relief, and such appeal must be filed within thirty (30) days of the date this order or the right to appeal will be lost.

4. The defendant has the right to counsel relative to such appeal and if he meets the required standard of indigency, counsel will be appointed to represent him for this purpose without cost.

5. The clerk of courts shall properly serve notice of this order and attached opinion upon counsel of record; and if a party has no counsel, then upon said party at their last known address as contained in the court's file.